■ In the Matter of COLETTE G. ALAN A. G., Appellant; SUZETTE A. G., Respondent. [633 NYS2d 807] —In a proceeding pursuant to SCPA article 17-A, initiated by the father for his appointment as the guardian of his developmentally-disabled daughter, the father appeals from so much of an order of the Surrogate's Court, Nassau County (Radigan, S.), dated May 17, 1994, as appointed a temporary guardian for the daughter.

Ordered that the order is affirmed insofar as appealed from, with costs payable by the father.

Contrary to the father's contention, SCPA 1750-a does not require that the court make a specific finding of fact that the person requiring guardianship is mentally disabled. Rather, where there is evidence presented that the person has been certified by a licensed psychologist and a licensed physician as developmentally disabled, and it appears to the satisfaction of

the court that it is in the developmentally-disabled person's best interest to appoint a guardian of that person, the court is authorized to do so *(see,* SCPA 1750-a).

The medical reports submitted by the father in support of his petition to be appointed guardian indicate that a clinical psychologist and psychiatrist examined his daughter and determined that she was permanently developmentally and mentally disabled. Moreover, although the parents had agreed, pursuant to the divorce judgment, that the daughter would live with each parent 50% of the time, and that the parents would share the responsibility of her care, the record indicates that the bitterness between the parties affected the daughter's ability to live a happy and productive life. In any event, the court provided a specific explanation for its determination to appoint a guardian, which was supported by the record. Under these circumstances, the court did not improvidently exercise its discretion by appointing an independent temporary guardian to protect the daughter's best interests *(see,* SCPA 1750-a).

We have examined the father's remaining contentions and find them to be without merit. O'Brien, J. P., Pizzuto, Santucci and Krausman, JJ., concur.

**55** In the Matter of JESSICA G. et al. COMMISSIONER OF SOCIAL SERVICES, Respondent; SHERYL F., Appellant. [633 NYS2d 1015] —In a neglect proceeding pursuant to Family Court Act article 10, the appeal is from an order of the Family Court, Richmond County (Meyer, J.), dated September 8, 1992, which denied the appellant's motion pursuant to Family Ct Act § 1042 to vacate a prior dispositional order of the same court, dated April 27, 1992.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court correctly denied the appellant's motion to vacate a prior dispositional order, since the record supports the court's finding that the appellant willfully refused to appear at the dispositional hearing *(see,* Family Ct Act § 1042).

The appellant's remaining contentions are without merit. Balletta, J. P., Ritter, Copertino and Friedmann, JJ., concur.